# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| TARA C. LONG, | ORDER |
| Plaintiff, | |
| v. | Case No. 2:22-cv-00176-JCB |
| UNITED STATES OF AMERICA, | |
| Defendant. | Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is the United States of America's ("United States") motion to dismiss Plaintiff Tara C. Long's ("Ms. Long") complaint.[2] The court held oral argument on the motion on July 19, 2022.[3] At the conclusion of the hearing, for the reasons stated on the record, the court granted the United States' motion. However, the court dismissed the claims in Ms. Long's complaint without prejudice and provided Ms. Long with the opportunity to file a motion for leave to amend her complaint. This order memorializes the court's oral ruling.

---

[1] ECF No. 9.

[2] ECF No. 12.

[3] ECF No. 18.

## BACKGROUND

Ms. Long was previously married to Daniel M. Long ("Mr. Long"). During their marriage, Ms. Long and Mr. Long filed separate federal tax returns. Mr. Long failed to pay portions of his federal tax liabilities during the marriage. Thus, the Internal Revenue Service ("IRS") demanded that Mr. Long pay those liabilities and, after he failed to do so, assessed the unpaid balances. During the time of the assessments, Ms. Long and Mr. Long owned certain real property as joint tenants ("Property"). Because of each assessment, liens arose on Mr. Long's interest in the Property (collectively, "Tax Liens"). The IRS recorded notice of the Tax Liens.

Ms. Long and Mr. Long were later divorced, and Ms. Long was awarded the Property through a divorce decree. Subsequently, Ms. Long requested that the IRS discharge the Tax Liens. The IRS denied her request. Consequently, Ms. Long initiated this action.

In her complaint, Ms. Long asserts a claim against the United States for quiet title to the Property under 28 U.S.C. § 2410. More specifically, Ms. Long seeks an order requiring the United States to discharge the Tax Liens under 26 U.S.C. § 6325(b)(2)(B). Ms. Long also seeks an award of damages against the United States under 26 U.S.C. § 7432.

## ANALYSIS

As the court explained on the record, Ms. Long's first claim for discharge of the Tax Liens fails to state a claim for the following two reasons. First, Ms. Long concedes that the Tax Liens properly attached to the Property at the time the IRS assessed Mr. Long's federal tax liabilities. Indeed, Ms. Long does not dispute that, while she owned the Property with Mr. Long

as joint tenants: (1) the IRS demanded that Mr. Long pay his federal tax liabilities,[4] (2) the IRS assessed those liabilities against Mr. Long,[5] and (3) the Tax Liens arose at the time of the assessments.[6] Because the Tax Liens attached, 26 U.S.C. § 6322 provides that they cannot automatically "detach" from the Property unless: (1) the federal tax liability is satisfied; or (2) the lien "becomes unenforceable by reason of lapse of time."[7] Ms. Long also concedes that neither condition has occurred to cause the liens to "detach" from the Property.

      Second, although Ms. Long concedes that the court cannot order the United States to "detach" the Tax Liens under 26 U.S.C. § 6322, she claims that the IRS should release the Tax Liens under 26 U.S.C. § 6325(b)(2)(B). That provision provides that the IRS "*may* issue a certificate of discharge of any part of the property subject to" the Tax Liens if the IRS "determines at any time that the interest of the United States in the part to be discharged has no value."[8] Where, as here, Congress used the word "may," the parties agree that the IRS has discretion as to whether it should release the Tax Liens if Mr. Long's interest in the Property has no value.[9] Given that the statute provides the IRS with such discretion, the court simply cannot compel the IRS to grant the relief Ms. Long seeks. Therefore, Ms. Long's first claim fails.

---

[4] 26 U.S.C. § 6303.

[5] *Id*. § 6203.

[6] *Id*. §§ 6321, 6322.

[7] *Id*. § 6322.

[8] *Id*. § 6325(b)(2)(B) (emphasis added).

[9] *United States v. Rodgers*, 461 U.S. 677, 706 (1983) ("The word 'may,' when used in a statute, usually implies some degree of discretion.").

Ms. Long's second claim for damages against the United States also fails to state a claim for the following reason, which the court explained on the record. Even assuming without deciding that Ms. Long exhausted her administrative remedies, she cannot show that the IRS's failure to discharge the Tax Liens was unlawful, which necessarily precludes her from seeking damages from the United States for improper failure to discharge the Tax Liens. Thus, she cannot state a claim under 26 U.S.C. § 7432. Consequently, Ms. Long conceded at oral argument that her second claim was moot.

Because Ms. Long's complaint fails to state any claims upon which relief can be granted, the court grants the United States' motion to dismiss. However, during oral argument, Ms. Long stated that she may have a claim for declaratory relief that Mr. Long's interest in the Property has "no value." Therefore, the court dismisses Ms. Long's claims without prejudice and grants her leave to file a motion to amend her complaint. Ms. Long must file any such motion on or before September 19, 2022. If Ms. Long fails to timely file such a motion, the court will enter judgment and close this case.

## ORDER

Based upon the foregoing, IT IS HEREBY ORDERED:

1. The United States' motion to dismiss[10] is GRANTED.

2. All claims in Ms. Long's complaint are DISMISSED WITHOUT PREJUDICE.

3. Ms. Long may file a motion for leave to amend her complaint on or before September 19, 2022.

---

[10] ECF No. 12.

4.       If Ms. Long fails to file a timely motion for leave to amend her complaint, the court will enter judgment and close this case.

IT IS SO ORDERED.

DATED this 21st day of July 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge