# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| TARA C. LONG,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:22-cv-00176-JCB<br><br>Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Plaintiff Tara C. Long's ("Ms. Long") motion for leave to amend her complaint.[2] Based upon the analysis set forth below, the court denies Ms. Long's motion and dismisses this case without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

Ms. Long was previously married to Daniel M. Long ("Mr. Long"). During their marriage, Ms. Long and Mr. Long filed separate federal tax returns. Mr. Long failed to pay portions of his federal tax liabilities during the marriage. Thus, the Internal Revenue Service ("IRS") demanded that Mr. Long pay those liabilities and, after he failed to do so, assessed the unpaid balances. During the time of the assessments, Ms. Long and Mr. Long owned certain real

---

[1] ECF No. 9.

[2] ECF No. 20.

property as joint tenants ("Property"). Because of each assessment, liens arose on Mr. Long's interest in the Property (collectively, "Tax Liens"). The IRS recorded notice of the Tax Liens.

Ms. Long and Mr. Long were later divorced, and Ms. Long was awarded the Property through a divorce decree. Subsequently, Ms. Long requested that the IRS discharge the Tax Liens. The IRS denied her request. Consequently, Ms. Long initiated this action.

In her original complaint, Ms. Long asserted a claim against the United States of America ("United States") for quiet title to the Property under 28 U.S.C. § 2410.[3] More specifically, Ms. Long sought an order requiring the United States to discharge the Tax Liens under 26 U.S.C. § 6325(b)(2)(B). Ms. Long also sought an award of damages against the United States under 26 U.S.C. § 7432.

In response to Ms. Long's original complaint, the United States moved to dismiss.[4] The court held oral argument on the United States' motion and, for the reasons stated on the record at the conclusion of the hearing, granted the motion.[5] In a subsequent order memorializing that ruling,[6] the court concluded that Ms. Long's first claim for discharge of the Tax Liens failed to state a claim because: (1) Ms. Long conceded that the Tax Liens properly attached to the Property at the time the IRS assessed Mr. Long's federal tax liabilities and that neither condition of 26 U.S.C. § 6322 was satisfied to require automatic "detachment" of the Tax Liens;[7] and

---

[3] ECF No. 2.

[4] ECF No. 12.

[5] ECF No. 18.

[6] ECF No. 19.

[7] 26 U.S.C. § 6322 (providing that a tax lien under 26 U.S.C. § 6321 "shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a

(2) the court could not order the United States to discharge the Tax Liens under 26 U.S.C. § 6325(b)(2)(B) because that statutory provision provided the IRS with discretion to discharge the Tax Liens if the IRS determined that Mr. Long's interest in the Property had no value.[8] The court also concluded that Ms. Long's second claim for damages under 26 U.S.C. § 7432 failed because, even if the court assumed without deciding that Ms. Long had exhausted her administrative remedies with the IRS, she could not show that the IRS's failure to discharge the Tax Liens was unlawful, which necessarily precluded her from seeking damages from the United States for improper failure to discharge the Tax Liens. Although the court dismissed the claims in Ms. Long's original complaint, it did so without prejudice and provided Ms. Long with the opportunity to file a motion for leave to amend her complaint.

In accordance with the court's order, Ms. Long filed the motion for leave to amend currently before the court.[9] Ms. Long's proposed amended complaint is based upon the same facts as her original complaint but, unlike the original complaint, seeks a declaratory judgment under 28 U.S.C. § 2201 quieting title to the Property under 28 U.S.C. § 2410(a)(1).[10] More specifically, in her demand for relief, Ms. Long seeks an order declaring that the Tax Liens have no value under 26 U.S.C. § 6325(b)(2)(B), which, according to Ms. Long, will "quiet title in the

---

judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time").

[8] 26 U.S.C. § 6325(b)(2)(B) (providing that "the [IRS] *may* issue a certificate of discharge of any part of the property subject to" a tax lien if "the [IRS] determines at any time that the interest of the United States in the part to be discharged has no value" (emphasis added)); *see also United States v. Rodgers*, 461 U.S. 677, 706 (1983) ("The word 'may,' when used in a statute, usually implies some degree of discretion.").

[9] ECF No. 20.

[10] ECF No. 20-1.

Property as federal statutes allow [the Tax Liens] without value to the United States to be released."[11] The United States opposes Ms. Long's motion, arguing that her proposed amended complaint is futile because: (1) the court lacks subject matter jurisdiction over Ms. Long's claim; and (2) even if the court had jurisdiction, Ms. Long fails to state a claim upon which relief can be granted.[12]

After Ms. Long's motion was briefed, the court ordered supplemental briefing on the following two issues: (1) whether 5 U.S.C. § 702 provides a waiver of sovereign immunity in this action; and (2) whether Ms. Long's proposed amended complaint is futile because Mr. Long is a necessary party under Fed. R. Civ. P. 19. In her supplemental brief, Ms. Long's reiterates the position from her motion for leave to amend that 28 U.S.C. 2410(a)(1) provides the requisite waiver of sovereign immunity here.[13] At the same time, Ms. Long contends that if the court disagrees with that position, "it does appear that 5 U.S.C. § 702 would then confer jurisdiction" on the court to hear her claim.[14] Ms. Long also asserts that Mr. Long is not a necessary party. In its supplemental brief, the United States claims that 5 U.S.C. § 702 does not waive the United States' sovereign immunity and that Mr. Long is not a necessary party.[15]

## ANALYSIS

The court denies Ms. Long's motion for leave to amend her complaint because her proposed amended complaint is futile. Ms. Long's motion is governed by Fed. R. Civ. P.

---

[11] *Id*. at 4.
[12] ECF No. 23.
[13] ECF No. 29.
[14] *Id*. at 2.
[15] ECF No. 30.

15(a)(2), which provides that "[t]he court should freely give leave" to amend pleadings "when justice so requires."[16] However, even under the liberal standard for amending pleadings, "the district court may deny leave to amend where amendment would be futile."[17] "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason . . . ."[18]

Ms. Long's proposed amended complaint is subject to dismissal for lack of subject matter jurisdiction and, therefore, futile. Specifically, the court lacks subject matter jurisdiction over Ms. Long's sole claim in her proposed amended complaint because there is no waiver of the United States' sovereign immunity for that claim under 28 U.S.C. § 2410(a)(1), and Ms. Long fails to demonstrate that there is a waiver of the United States' sovereign immunity for that claim under 5 U.S.C. § 702. After addressing each statutory provision below, the court denies Ms. Long's motion for leave to amend her complaint and dismisses this action without prejudice.

First, 28 U.S.C. § 2410(a)(1) does not waive the United States' sovereign immunity for Ms. Long's claim. Although Ms. Long's claim is asserted as a declaratory judgment claim under 28 U.S.C. § 2201, that statutory provision "does not waive sovereign immunity" and "does not

---

[16] Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

[17] *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotations and citation omitted)

[18] *Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997).

extend federal jurisdiction."[19] "Thus, an independent source of jurisdiction is required."[20] Ms. Long relies upon section 2410(a)(1) for a waiver of sovereign immunity and as a source of jurisdiction for her claim. That provision provides a waiver of the United States' sovereign immunity for an action "to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." However, a claim seeking "a declaration that . . . property is not encumbered by [a] tax lien because the lien is worthless . . . simply does not fall within the scope of § 2410."[21] This is because of the discretion granted to the IRS by 26 U.S.C. § 6325(b)(2)(B), which provides that "the [IRS] *may* issue a certificate of discharge of any part of the property subject to" a tax lien if "the [IRS] determines at any time that the interest of the United States in the part to be discharged has no value."[22] Indeed, "[t]o permit a party to discharge a 'valueless' lien in a quiet title action under § 2410 would be contrary to the provisions of § 6325(b)(2)(B) and would rob the [IRS] of the discretion granted [it] by Congress."[23] Ms. Long contends that she is not asking the court to disturb the IRS's discretion

---

[19] *United States v. Durango & Silverton Narrow Gauge R.R. Co.*, No. 19-CV-01913-REB-NRN, 2020 WL 9432882, at *2 & n.2 (D. Colo. July 14, 2020); *see also La Casa de Buena Salud v. United States*, No. CIV 07-238 JB/RHS, 2008 WL 2323495, at *6 (D.N.M. Mar. 21, 2008) (concluding that section 2201 neither "waives the sovereign immunity of the United States [n]or confers jurisdiction on the district courts over the United States").

[20] *Durango & Silverton Narrow Gauge R.R. Co.*, 2020 WL 9432882, at *2 n.2 (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002)).

[21] *E.J. Friedman Co. v. United States*, 6 F.3d 1355, 1358 (9th Cir. 1993); *see also First Sentinel Bank v. United States*, 364 F. Supp. 3d 615, 619 (W.D. Va. 2019) (concluding that, under section 2410(a)(1), the "court does not have jurisdiction . . . to declare the tax liens valueless or to discharge them" (citing *E.J. Friedman Co.*, 6 F.3d at 1358)).

[22] (Emphasis added).

[23] *E.J. Friedman Co.*, 6 F.3d at 1358.

under section 6325(b)(2)(B) because she is not requesting discharge of the Tax Liens but, instead, is asking the court to determine that the Tax Liens have no value. That argument is unpersuasive because that determination is included in the discretion Congress granted to the IRS. Indeed, as stated above, section 6325(b)(2)(B) specifically provides that the IRS "may" discharge a tax lien if the IRS determines that the lien is valueless. For those reasons, there is no waiver of the United States' sovereign immunity under section 2410(a)(1) for Ms. Long's claim.[24] Therefore, the court lacks subject matter jurisdiction over her claim.[25]

Second, Ms. Long fails to establish that there is a waiver of the United States' sovereign immunity for her claim under 5 U.S.C. § 702. It is true, as the court recognized in its order for supplemental briefing, that courts have recognized that section 702 was amended in 1976 to add a second sentence, which Congress intended to remove "technical barriers to the consideration on the merits of citizens' complaints against the Federal Government, its agencies, or employees."[26] From this amendment, several courts have determined that section 702 waives the United States' sovereign immunity for "all non-monetary claims against federal agencies . . . ,

---

[24] Relying in numerous different authorities, Ms. Long contends that there is a waiver of sovereign immunity under section 2410(a)(1) for her claim because she is challenging only the validity or procedural regularity of the Tax Liens and not the underlying tax assessments. ECF Nos. 24 at 2; 29 at 1-3. Although true that there is a waiver of sovereign immunity under section 2410(a)(1) for such claims, Ms. Long has already conceded that the Tax Liens properly attached to the Property at the time the IRS assessed Mr. Long's federal tax liabilities and that the IRS is not required to discharge the Liens because neither condition of 26 U.S.C. § 6322 has been satisfied. Ms. Long also fails to identify any procedural irregularity with the Tax Liens. Therefore, Ms. Long's argument on this point fails.

[25] *E.J. Friedman Co.*, 6 F.3d at 1360 (concluding that subject matter jurisdiction was lacking, in part because there was no valid waiver of sovereign immunity under section 2410(a)(1)).

[26] *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 673 (6th Cir. 2013) (quotations and citations omitted).

regardless of whether plaintiff seeks review of 'agency action' or 'final agency action.'"[27] However, section 702 "waives sovereign immunity with respect to suits for nonmonetary damages that *allege wrongful action* by an agency or its officers or employees."[28] Ms. Long's claim fails to allege that the IRS took any wrongful action with respect to Tax Liens. Indeed, in her proposed amended complaint, Ms. Long concedes that the IRS has discretion under section 6325(b)(2)(B) to discharge the Tax Liens if the IRS determines that the Tax Liens have become valueless.[29] Vested with such discretion by Congress, the IRS cannot be deemed to have taken any wrongful action by failing to discharge the Tax Liens or failing to determine that the Tax Liens are valueless. Additionally, in her demand for relief, Ms. Long asserts that "federal statutes *allow* [the Tax Liens] without value to the United States to be released."[30] Importantly, Ms. Long does not allege in her proposed amended complaint or argue in her memoranda on the

---

[27] *Id.* at 672; *see also Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 397 (3rd Cir. 2012) (holding that waiver of sovereign immunity under section 702 applies to all non-monetary claims against federal agencies and their officers regardless of whether the plaintiff seeks review of an agency action or final agency action under [5 U.S.C. §] 704); *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 775 (7th Cir. 2011) ("[T]he conditions of § 704 affect the right of action contained in the first sentence of § 702, but they do not limit the waiver of immunity in § 702's second sentence."); *Delano Farms Co. v. Cal. Table Grape Comm'n*, 655 F.3d 1337, 1344 (Fed. Cir. 2011) ("We hold that section 702 of the [Administrative Procedure Act ("APA")] waives sovereign immunity for non-monetary claims against federal agencies . . . . It is not limited to 'agency action' or 'final agency action,' as those terms are defined in the APA."); *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 187 (D.C. Cir. 2006) (stating that section 702's waiver of sovereign immunity "is not limited to APA cases" and applies "regardless of whether the elements of an APA cause of action are satisfied"); *Red Lake Band of Chippewa Indians v. Barlow*, 846 F.2d 474, 476 (8th Cir. 1988) ("[S]ection 702 [waiver] is not dependent on application of the procedures and review standards of APA. It is dependent on the suit against the government being one for non-monetary relief.").

[28] *Z St., Inc. v. Koskinen*, 44 F. Supp. 3d 48, 63 (D.D.C. 2014) (emphasis added).

[29] ECF No. 20-1 at 4.

[30] *Id*. (emphasis added).

instant motion that the IRS would be *required* to discharge the Tax Liens even if this court had jurisdiction or authority—which it does not—to declare the Tax Liens valueless. Accordingly, Ms. Long fails to establish a waiver of sovereign immunity for her claim under section 702. For that additional reason, the court lacks subject matter jurisdiction over her claim.[31]

Because the court concludes that it lacks subject matter jurisdiction over the sole claim in Ms. Long's proposed amended complaint,[32] the court denies Ms. Long's motion for leave to amend her complaint as futile. Therefore, the court dismisses this action without prejudice for lack of subject matter jurisdiction.[33]

---

[31] In addition to the arguments addressed above, Ms. Long argues in her reply on the instant motion that two other sources provide subject matter jurisdiction over the claim in her proposed amended complaint. First, Ms. Long asserts an argument concerning jurisdiction based upon a "cloud on title." ECF No. 24 at 4. This three-sentence argument is inadequately briefed, and, consequently, the court declines to address it. *See, e.g.*, *Butler v. Cardiff Healthcare, Inc.*, No. 2:17-CV-01114-JNP, 2019 WL 3752574, at *8 (D. Utah Aug. 8, 2019) ("[I]t is not enough merely to present an argument in the skimpiest way, and leave the [c]ourt to do counsel's work-framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts." (quotations and citation omitted)). In any event, the cloud-on-title argument fails because, by giving the IRS discretion to determine whether to remove a tax lien that is worthless, Congress recognized that the IRS has discretion to both cloud title and to remove that cloud. This is not to say that Ms. Long is bereft of a remedy because she will have the ability to challenge the Tax Liens' validity if the IRS decides to foreclose on them or to levy the proceeds from the Property's sale at a future time. Second, Ms. Long argues that the court has jurisdiction under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Not only is that argument likewise inadequately briefed, but it also cites to cases in which courts concluded that a *Bivens* claim was not viable. ECF No. 24 at 5. Thus, the court declines to address that argument further.

[32] Given the court's conclusion that it lacks subject matter jurisdiction over Ms. Long's claim in her proposed amended complaint, the court need not address either the United States' arguments about the merits of Ms. Long's claim or the issue of whether Mr. Long is a necessary party under Fed. R. Civ. P. 19.

[33] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").

**ORDER**

Based upon the foregoing, the court HEREBY ORDERS:

1.   Ms. Long's motion for leave to amend her complaint[34] is DENIED.

2.   This action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED this 8th day of March 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[34] ECF No. 20.